IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael D. Stubbs,

Plaintiff

v.

United States of America,

Defendant

Case No. 3:97CR765
(3:07CV3835]

ORDER

This is a criminal case in which the defendant Michael D. Stubbs has filed a petition under 28 U.S.C. § 2255. [Doc. 634]. The government has filed an opposition. [Doc. 639].

For the reasons that follow, the petition shall be denied.[1]

**Background**

1

The petitioner has also filed a separate motions: 1) based on Amendment 706 to the U.S. Sentencing Guidelines (relating to sentencing calculations of crack versus powder cocaine) [Doc. 637]; 2) for summary judgment relating to putative liens [Docs. 640, 647]; and 3) to hold proceedings in abeyance due to petitioner's transfer to F.C.I. Elkton [Doc. 641].

Petitioner's motion to hold proceedings in abeyance was based on his transfer to F.C.I. Elkton. He wanted the proceedings stayed while he was in transit. He arrived not later than June 5, 2008. There is, therefore, no reason not to adjudicate his petition, and his motion to hold proceedings in abeyance shall be overruled. His other motions shall be ruled on separately.

Stubbs was a major participant in a large, multi-person drug trafficking conspiracy in the Fremont, Ohio, area in the late 1980s and early 1990s. The conspirators, with Stubbs's active involvement, caused cocaine and crack cocaine to be brought into the Fremont area from Mississippi. [Presentence Report, ¶ 17] [PSR]. Stubbs used or carried several firearms during and in relation to the trafficking conspiracy. [PSR ¶ 20].

Among other gun/drug-related incidents disclosed in the PSR was a shooting by persons whom Stubbs caused to travel from Mississippi. Stubbs purchased their airline tickets, arranged transportation from Cleveland Hopkins airport to Tiffin, Ohio, and gave them guns used to shoot into an occupied car in Fremont. One of the three victims nearly died from his wounds. [PSR ¶ 23-24].

The indictment named Stubbs in three of its thirteen counts: conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana; aiding and abetting others in traveling in interstate commerce with intent to commit murder; and conspiracy to use and carry firearms during and in relation to the commission of a crime of violence or drug trafficking crime. On April 28, 1998, during jury selection, Stubbs entered guilty pleas pursuant to a written plea agreement to each count. [Doc. 287].

On October 6, 1998, Stubbs moved unsuccessfully to withdraw his guilty plea. His motion was denied following a hearing. [Doc..427]. On May 10, 1999, Stubbs was sentenced to 135 months imprisonment on Counts 1 and 12, and 60 months on Count 13, to be served consecutively. [Doc. 451].

Stubbs filed a timely Notice of Appeal, claiming error in sentencing him to a mandatory 60 month consecutive sentence under § 924(c) when he was only charged with and pleaded guilty to a violation of § 924(o), which carried a term of imprisonment of up to 20 years.

The Sixth Circuit agreed, finding plain error for sentencing Stubbs for the crime of using or carrying a firearm in connection with a drug trafficking crime or a crime of violence, which was a different offense than the charged crime of conspiring to commit such an offense. The appellate court also found that misinformation regarding the mandatory five year sentence rendered his guilty plea involuntary. As a result, it held that Stubbs's waiver of his right to appeal his sentence in the plea agreement was not binding. The court remanded for resentencing. *U.S. v. Stubbs*, 279 F.3d 402 (6th Cir. 2002).[2]

At resentencing, following several rulings on various matters, I found that the Sentencing Guideline range was 151 to 188 months. [Doc. 555, at TR 46-47], and imposed to a term of 185 months for Counts 1, 12 and 13, to be served concurrently. [*Id*., at TR 58; Doc. 545 (Amended Judgment)].

Stubbs appealed his resentence. The Sixth Circuit affirmed. *U.S. v. Stubbs*, 97 Fed.Appx. 564, 2004 WL 959150, at *3 (6th Cir. 2004) [Unpublished disposition].

The Supreme Court granted Stubbs a writ of certiorari. Because the case was pending on the date the Court announced its decision in *U.S. v. Booker*, 543 U.S. 220 (2005), the Court vacated and remanded. *Stubbs v. U.S.*, 543 U.S. 1104 (2005). The Sixth Circuit remanded the case to this court, which appointed counsel for the ensuing resentencing.

---

[2] The Court noted that Stubbs did not seek to withdraw his guilty plea, but simply sought to be properly sentenced under § 924(o). *Id.* at 413.

I again resentenced Stubbs to 185 months as to Counts 1, 12 and 13, to be served concurrently, and a term of supervised release of 5 years as to Counts 1, 12 and 13, to be served concurrently. [Doc. 617 (Amended Judgment)].[3]

Stubbs filed a pro se notice of appeal; his attorney also filed a notice of appeal. The Sixth Circuit granted counsel's motion for leave to withdraw, and Stubbs proceeded *pro se*. The appellate court rejected all of Stubbs's claims except his claim of ineffective assistance of counsel at re-sentencing, as to which it declined to rule due to an insufficient record. *U.S. v. Stubbs*, (Sixth Circuit No. 05-4562/4563) (Nov. 16, 2006 Order). The Supreme Court denied Stubbs's petition for certiorari. *Stubbs v. U.S.*, — U.S. —, 127 S.Ct. 1322 (2007).

Stubbs then filed the pending § 2255 petition, in which he asserts six claims: 1) unknowing and involuntary guilty plea due to ineffective assistance of counsel; 2) prosecutorial vindictiveness, based on the request for firearm sentencing enhancement following the first remand; 3) ineffective assistance of counsel due to failure to argue that Counts 12 and 13 violated the double jeopardy clause or were multiplicitous and/or duplicitous; 4) the 100:1 ratio of cocaine to cocaine base sentencing penalties constituted cruel and unusual punishment; 5) ineffective assistance of counsel based on stipulation to drug type and quantity; and 6) ineffective assistance of counsel during the resentencing hearing.

There is no merit to any of the petitioner's contentions and his petition for relief under § 2255 shall be denied.

**Discussion**

---

[3] I also struck several pleadings which Stubbs had filed *pro se* on the basis that a party represented by counsel has no right to file pleadings *pro se*. [Doc. 626, Tr. 18-19, 22-24].

The burden is on the petitioner to show a fundamental defect in the proceedings inherently resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v.Farley*, 512 U.S. 339, 353 (1994); *U.S. v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude having a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

A petitioner waives any claims which he failed to raise in a timely manner. *U.S. v. Frady*, 456 U.S. 152, 159 (1982); *Ratliff v. U.S.*, 999 F.2d 1023, 1025 (6th Cir. 1993).

**A. Firearm Sentencing Enhancement**

The Sixth Circuit, as noted, vacated Stubbs's original sentence for plain error because he was sentenced under 18 U.S.C. § 924(c), which was a different offense than the charged crime, which was brought under 18 U.S.C. § 924(o).

At resentencing, Stubbs was sentenced as he originally should have been sentenced. Without the § 2D1.1(b)(1) sentencing enhancement, Stubbs would have received no penalty for his use of a firearm while trafficking in drugs. The Sixth Circuit agreed that the sentencing enhancement did not punish the same conduct as Stubbs's firearm conviction.

There can be nothing vindictive or retaliatory in a prosecutor's participation in a sentencing proceeding that resulted from a successful challenge to judicial error, and which resulted, as well, in a proper and appropriate sentence.

**B. Ineffective Assistance of Counsel**

The dispositive issue with any claim of ineffective assistance of counsel is whether "counsel's conduct so undermined the proper functioning of the adversarial process . . . that it

cannot be relied on as having produced a just result." *Strickland v. Wash.*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must prove: 1) his lawyer's representation was so deficient that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and 2) the deficient performance caused prejudice – i.e., led to an outcome different and more adverse than that which would have resulted from adequate representation. *Id.* at 687, 694.

With regard to challenges to adequacy of representation relating to guilty pleas, a petitioner must show that "but for counsel's errors [of constitutional dimension], he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**1. Unknowing and Involuntary Guilty Plea**

In adjudicating Stubbs's first appeal, the Sixth Circuit concluded that Stubbs' guilty plea was constitutionally invalid because there was no "record evidence" demonstrating that he was aware of the true nature of the crime charged and consequences of his guilty plea vis-a-vis the penalty for a violation of 18 U.S.C. § 924(o), which was actually the penalty for a violation of § 924(c).

Stubbs had not, however, incorporated a challenge to either the plea or his attorney's performance into his appeal. Rather, he sought simply to be sentenced in accordance with the law.

Stubbs could, during his first appeal, have challenged the plea process. Instead, he elected to be sentenced for the crime with which he was charged and to which he had pled guilty. Accordingly, he waived the right to be heard on this challenge in the present proceeding.

Nonetheless, I will address the contention on its merits.

Stubbs contends that, after being told the elements of a conspiracy with regard to Count 1, he should have been told the same thing again a few minutes later with regard to Count 13.

A conspiracy is an agreement to commit an unlawful act. When separate conspiracies are charged, repeating the definition of what constitutes a conspiracy serves little, if any, purpose. In this case, the only difference was in the nature of the unlawful acts. No error occurred.

Even assuming the Court improperly failed to repeat the same elements as applicable to a separate count, such failure hardly rises to constitutional dimensions, or constitutes a violation of due process.

The petitioner alleges that the charge in Count 13 was misstated when the court omitted the phrase "in relation to."

Petitioner's contention disregards the fact that government counsel had included that phrase in his recitation of the charge a few minutes earlier. Regardless of the source, the petitioner was on notice of the elements of the offense. No error occurred.

The petitioner's final contention is the Court only questioned him on the factual basis of the substantive offense of Count 13, without asking him about the conspiracy aspect of that count.

There is no more merit to this contention than his other allegations of ignorance. His written plea agreement admits that he participated in the firearm conspiracy. [Doc..287, ¶ 11]. Moreover, the record belies his claim that the court failed to develop an adequate factual basis:

> Court: I am turning to Count 13 now – while you were engaged in the drug dealing that is covered by the first count, did you – did you carry any firearms for either protection or use in the course of that drug dealing, you yourself from time to time?
>
> Stubbs: Yes.
>
> Court: Okay. And would other persons who were working with and for you and in conjunction with you carry firearms from time to time?

Stubbs: Yes.

Court: And again, that would be either for protection or other use in the course of drug dealing?

Stubbs: Yes.

(Doc. 353, TR at 32).

This colloquy occurred after Stubbs had denied the allegation that he had possessed a Narinko AK 47 rifle and a Hascal Model S .45 caliber handgun in furtherance of his drug activities. (R.353, at TR 27). The fact that he denied possessing these two firearms does not undercut his admission that he carried and used other firearms in furtherance of his drug business.

A fully adequate factual basis was established.

**2. Failure to Argue Counts 12 and 13 Violated Double Jeopardy or Were Multiplicitous and/or Duplicitous**

Stubbs claims his attorney was ineffective for failing to argue Count 12 (aiding and abetting a murder-for-hire that involved interstate commerce) and Count 13 (conspiracy to use and carry firearms during and in relation to the commission of a drug trafficking crime) were incorporated into Count 1 (drug trafficking conspiracy), thus resulting in double jeopardy. He claims prejudice from resulting multiple punishments for the same offense. He further claims that the Court already agreed that Count 12 is "part and parcel" of Counts 1 and 13. (Doc. 555, at TR 45-56).

The "test for compliance with the double jeopardy clause looks to 'whether each provision requires proof of a fact which the other does not.'" *U.S. v. Gibbons*, 994 F.2d 299, 302 (6th Cir. 1993) (citing *Blockburger v. U.S*, 284 U.S. 299, 304 (1932)).

In this case, each count requires proof of an element which the others do not require. A violation of 21 U.S.C. § 841(a), conspiracy to possess with intent to distribute narcotics, does not

also require proof of the use of firearms. A violation of 18 U.S.C. § 924(o) involves a person who conspires to use or carry a firearm during and in relation to any crime of violence or drug trafficking crime, not necessarily the crime of conspiracy to possess with intent to distribute drugs. Finally, a violation of 18 U.S.C. § 1958, use of interstate commerce facilities in commission of murder-for-hire, need not involve either drugs or firearms. These are three distinct crimes with non-identical elements.

That which Stubbs's petition describes as the "Double Jepardy/Multiplicitious/Duplicitious issue" [sic] was simply a discussion of grouping of multiple counts for the purpose of determining the proper offense level for sentencing. [Doc. 555, at TR 37]. Indeed, that discussion ended with my overruling the *government's* objection. [*Id*., at TR 45-46].

Discussion of grouping of closely related counts for sentencing purposes did not convert the three distinct crimes into one single crime with improper multiple or duplicitous punishments. Nor did it violate double jeopardy by applying successive punishments or successive prosecutions for the same criminal offense. *U.S. v. Dixon*, 509 U.S. 688, 696 (1993).

Consequently, Stubbs's attorney did not commit an egregious error by failing to object to Counts 1, 12 and 13 on the basis of double jeopardy or multiplicity or duplicity. And no prejudice resulted from the attorney's failure to raise an entirely meritless objection.

### 3. Stipulation to Drug Type and Quantity

Stubbs asserts his attorney was ineffective for advising him to stipulate that he "conspired to possess with intent to distribute at least 150 grams but less than 500 grams of cocaine base (crack)." [Doc. 287 (Plea Agreement, ¶ 11)]. He claims this was ineffective assistance because his attorney could have offered to stipulate to a lesser drug (marijuana) with a lower statutory penalty

because: 1) the only drug directly relating to Stubbs listed in the indictment's overt acts was marijuana; and 2) counsel had not sufficiently investigated or received lab reports of the drugs Stubbs sold to confidential informants, before to advising Stubbs to plead to the drug quantity and type.

Stubbs's allegations about his attorney's ineffective investigation and familiarity with the drug quantities that the government was likely to prove – especially in a large, long-running and multi-party conspiracy – is utterly conjectural.[4]

**a. Adequacy of Investigation**

Turning first to Stubbs's claim that his lawyer failed to conduct an adequate investigation, it is clear that counsel was more than adequately informed about the government's likely proof.

As is customary in this Division of the Northern District of Ohio, government counsel provided nearly fully open file discovery: in other words, with some minor exceptions – to protect potential witnesses – the government opened its investigatory files to inspection by defense counsel. As a result, Stubbs's counsel was nearly as well and completely informed about the government's case as was government counsel.

When an attorney has access to and examines – as the record shows that Stubbs's counsel did – the government's file, a claim of insufficient investigation in the context of a plea agreement

---

4

The government was granted leave *sua sponte* to supplement its response to Stubbs's § 2255 petition. [Doc. 645]. That order directed the government to submit evidentiary support for certain of its allegations in its original response to the petition. It also asked the government to address the extent to which the petitioner was required to allege by way of affidavit that he was not responsible for the drug quantities that, according to his petition, his lawyer improperly stipulated to. Though the petitioner was granted leave to respond to the government's supplemental response by July 15, 2008, he has not done so.

can rarely, if ever, succeed. Recommending a plea of guilty always involves some measure of uncertainty – but that's the whole point of pleading guilty: to replace uncertainty with certainty.

The timing of when to enter a plea is, like the decision itself, not fairly subject to *post hoc* hindsight. This is especially so where the government alleges a large, long-running, and major conspiracy involving not just serious drug offenses, but collateral crimes of violence [including, in this case, attempted murder at the defendant's behest]. Who pleads, when, and to what can affect how well each defendant, including a defendant who later challenges his plea or other aspects of the proceedings, fares. The later one books passage, the more expensive the ticket is likely to be.

In light of these considerations, a court must take care in the context of a § 2255 claim of ineffective assistance of counsel not to fault counsel for leaving undone some of those things that it might expect an attorney to do before a case proceeds to trial – have drugs tested independently, attempt to interview the government's witnesses, undertake to locate, interview, and subpoena potential defense witnesses and file various pretrial and liminal motions.

Here the government laid most of its cards face up on the table. Counsel could compare the government's hand with his own. In this case, the decision to "fold 'em" cannot plausibly, much less successfully, be challenged as uninformed.

There is no basis in this record for concluding that petitioner's counsel failed to conduct an adequate investigation.

**b. Possibility of Alternative Stipulations**

Stubbs also claims that his lawyer provided ineffective assistance when he neglected to stipulate to marijuana as the drug for which Stubbs was responsible. This allegation is nothing more

than an assertion that alternative outcomes might possibly have been discussed or even accomplished.

That's always the case with plea negotiations. There's nothing constitutionally deficient *per se* with coming to one outcome rather than some other hypothetical outcome.

Given the seriousness of the allegations about Stubbs's role as the major participant in the conspiracy and, in addition, in arranging for an attempted murder, the government's insistence that he stipulate to involvement with cocaine and crack cocaine, rather than marijuana, is understandable. Even if his lawyer never asked, "how about marijuana," that doesn't matter. When the government's plea offer goes down, as it routinely does, from what it might seek at trial, a defendant's attorney cannot either expect or compel the government to go all the way to the bottom.

What Stubbs now claims his attorney failed to do would have been entirely unreasonable, had it been attempted. In any event, there is no reason whatsoever to expect, much less find, that the lawyer's failure, if such occurred, to ask about marijuana as the base drug, caused any prejudice whatsoever to the petitioner.

As the government's supplemental response points out, the petitioner appears to claim that his attorney improperly stipulated to a drug quantity at his initial appearance. All that happened there was that the attorney acknowledged a potential range for purposes of possible pretrial release [which, under the circumstances was hardly likely]. The attorney did not bind the petitioner to any particular outcome at that early stage of the proceeding.

**4. Resentencing Hearing.**

Finally, Stubbs asserts ineffective assistance during his last re-sentencing. Such ineffectiveness, Stubbs claims, resulted from a failure to object to the PSR and Guideline calculations and to make additional challenges as demanded by the petitioner.

The final re-sentencing resulted from the Supreme Court's post-*Booker* remand.

Remands for consideration in light of *Booker* allow a "sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory." *U.S. v. Haynes*, 468 F.3d 422, 425 (6th Cir. 2006) (holding that as "the remand was limited to resentencing, the district court's decision not to address the defendant's argument regarding the jury instructions was proper") (citing *U.S. v. Barnett*, 398 F.3d 516 (6th Cir. 2005)); *see also U.S. v. Modena*, 86 Fed. Appx. 927, 928 (6th Cir. 2004) (Unpublished disposition) (holding that the remand was "plainly limited to correcting" the sentencing issue; defendant could not "revisit any other aspect" of his conviction).

Stubbs faults his attorney for not objecting to the Guideline calculations and the presentence report, arguing that "the government used facts like the Petitioner provided Codefendant with firearms for Count 12 which Petitioner can prove is inaccurate. . . . among other factual inaccuracies."

The issue of the gun enhancement was raised and settled at the second sentencing. Moreover, that enhancement related to the drug conspiracy in Count 1, not the facilitating murder-for-hire charged in Count 12, as Stubbs now alleges. [Doc. 555, at TR 25]. A *Booker* remand does not reopen the factual basis underlying a conviction or provide another opportunity to challenge settled facts.[5]

[5] Preparation of a new PSR prior to a *Booker*-remand sentencing is not mandatory. *U.S. v. Sexton*, 512 F.3d 326, 332-33 (6th Cir. 2008).

Post-*Booker*, a sentencing court follows a three-step process when imposing sentence: 1) calculation of the applicable Guideline range; 2) hearing from the parties as to the appropriate sentence; and 3) determination of the proper sentence in light of the factors specified in 18 U.S.C. § 3553(a). *See Rita v. U.S.*, — U.S. —, —, 127 S.Ct. 2456, 2462 (2007); *see also Gall v. U.S.*, —, U.S. —, —, 128 S.Ct. 586, 596-97 (2007).

Stubbs's counsel was not ineffective for failing to challenge the PSR or the Guideline range as computed by the undersigned. The "facts" which Stubbs contends were subject to dispute were either raised and settled at earlier hearings, or irrelevant in the limited *Booker* remand.

Stubbs fails to show a fundamental defect inherently resulting in a complete miscarriage of justice, or an error by counsel so egregious that it amounted to a violation of due process. Nor has Stubbs demonstrated there exists a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different.

**Conclusion**

There is no merit to any of the petitioner's contentions.[6] It is, therefore,

ORDERED THAT

1. Petitioner's motion to strike the affidavit of government counsel [Doc. 656] be, and the same hereby is denied;

2. Petitioner's motion to hold proceedings in abeyance [Doc. 641] be, and the same hereby is denied; and

---

[6] In light of my finding on the merits that Stubbs's attorney did not fail to provide constitutionally adequate assistance of counsel, it is not necessary to address the question asked in my order directing the government to file a supplemental response [namely, whether the petitioner must submit evidence, by way of affidavit or otherwise, that he was not culpable for the amount of drugs to which he stipulated].

3. The petitioner's petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge